Price, J.
The occasion of this struggle for liberty is an affidavit which Carrie O. Burns filed with the mayor of the city of Xenia, Ohio, about the 21st day of June, 1906. The affidavit reads:
“The State of Ohio, “City of Xenia, “Greene County,
“Before me, Wm. F. Brennan, mayor of the city of Xenia, personally came Carrie Ormsby Burns, who being duly sworn 'according to law, deposeth and saith that George W. Burns, late of the city of Cincinnati, in the count}' of Hamilton, between January 1, A. D. 1906, and June 21, in the year of our Lord, one thousand nine hundred and six, in the city of Xenia, in the county of Greene, in the ■ state of Ohio aforesaid, did then ’and there wilfully, unlawfully and negligently fail to furnish necessary and proper food, clothing or shelter for his children, as follows: Margherita, aged 15, and Francis, aged 13, both of whom were then and there under the age of sixteen years,, the same being contrary to the statute made and pro *523 vided, and against the peace and dignity of the state of Ohio.
“(Signed) Carrie O. Burns.
“Sworn to and subscribed.before me, in the city and county aforesaid, this 21st day of June, in the year of our Lord one thousand nine hundred and six.
“(Seal.) “Wm. F.. Brennan,

“Mayor of the.City of Xenia, Ohio ”

On this affidavit the mayor issued a warrant for the arrest of George W. Burns, directed to the sheriff of Greene county, and in pursuance of its command the sheriff arrested said Burns in Cincinnati. Thereupon he appeared before Judge Caldwell and applied for a writ of habeas corpus, as narrated in the statement of this case. On the return of the writ before Judge James B. Swing a hearing was had and a statement of facts agreed upon, which a bill of exceptions says, correctly recites all of the proceedings that were had before the court.
It recites the foregoing affidavit and the warrant issued thereon for the arrest of Burns. Then follows the offer of testimony by counsel for thé relator, to the effect that he -was divorced from Carrie O. Burns by decree of the court of common pleas of -Hamilton county, March 24, 1904; that the decree made no mention of the custody or care of the children, and found that Carrie O. Burns was entitled to $2,000 alimony; and that such sum should be. in full of all claims or liens against the property, both real and personal, of George W. Burns; that at that time and now George W. *524 Burns was and is the owner of a house and lot at College Hill in Hamilton county; that immediately upon the entering of said decree Carrie O. Burns broke into said house and has been living there ever since with all of said children, • including the two under sixteen years of age, for the non-support of whom the arrest herein complained of was made upon the warrant issued by the mayor of Xenia; that George W. Burns does not live in Xenia and has never lived there; that Carrie O. Burns does not live in Xenia, nor do any of their children, but if the two children under sixteen years of age are in Xenia now, or were in Xenia at the time the. warrant was issued, they were there only temporarily - and stopping at their grandfather’s house at the instigation of said Carrie O. Burns,, and solely for the purpose of having said warrant issued for George W. Burns, who now lives and is employed in Cincinnati, Ohio, and has had his residence in such city for a great many years and has not been in Xenia for years; the said two children under sixteen years of age have lived in College Hill, Hamilton county, ever since March 24, 1904, and during the past winter attended the public schools of Cincinnati until said schools adjourned for the summer vacation, and that if George W. Burns is guilty of a crime in failing to support said minor children, such crime was committed in Cincinnati, Hamilton Hamilton county, where he and said children had continuously lived, and not in Xenia- or Greene county. The record recites that “at the conclusion of the foregoing statement of counsel for petitioner, counsel for the sheriff and for the prosecution stated in open court that for the purposes *525 of this case only he admitted the truth of the statements of counsel for the petitioner, and moved that the writ of habeas corpus be dismissed and discharged.”
The court dismissed the petition and remanded Burns to the custody of the sheriff of Greene county, as before stated.
If the facts tendered to the court at the hearing were competent and should have been considered, there can be no doubt that Burns was entitled to discharge-from custody, for the court,has decided in The State v. Dangler, 74 Ohio St., 49, that “a prosecution under Section 7017-3, Revised Statutes, for non-support of a parent, must be instituted in the county in which the defendant resides at the time he neglects or refuses to furnish the support.”
It appeared in that case, that during the whole time laid in the indictment for the commission of the offense of non-support, the defendant was a non-resident of and absent from the county- in which the indictment was found and prosecution commenced, and when this appeared in the evidence without contradiction, it was held that the court had no jurisdiction and properly directed a verdict for the defendant. - But the question of jurisdiction in that case was not raised in a collateral proceeding in habeas corpus, as was attempted here, but the want of jurisdiction over the defendant and the offense was established as a defense before the court and jury. So here, if the evidence offered was competent, its truth being' admitted in open court by counsel for the prosecution and the sheriff, the order for the discharge of Burns should, and no doubt would have fol *526 lowed. As we understand the imperfect record, the judge hearing the case excluded the evidence from his consideration, and this is the error relied upon for a reversal.
It is argued with much force, and it is true to a certain extent, that one who has been arrested on a warrant charging him with the violation of a criminal law, may attack the jurisdiction of the court issuing the warrant, and upon establishing want of jurisdiction, is entitled to a discharge. This would be true if it appears upon the face of the warrant and affidavit, or the face of the warrant and indictment, if the prosecution is by indictment, that the court has no jurisdiction over the offense. This would be true if the charge and the warrant show that the crime was not committed in the county or state where the prosecution is commenced. So also if the affidavit fails to charge an offense or crime. There are other instances where want of jurisdiction may be shown on habeas corpus, but 'it is not our province now to name or schedule such instances, for they would not aid us in deciding the present question.
Neither the affidavit nor warrant in this case was assailed as defective, but on oral argument counsel for relator conceded each of them to be legally sufficient, and we concur in the concession. It is not essential to a good affidavit that it allege the place of residence of the accused. The affidavit before us describes George W. Burns as late of “the city of Cincinnati in the county of Hamilton;” but these are mere words of description of the person and do not undertake to lay the venue of the crime. When it comes to the laying of the-venue, it is alleged that between the first of Jan *527 uary, 1906, and June 21, 1906, “in the city of Xenia, in the county of Greene, in the state of Ohio aforesaid, did then and there wilfully, unlawfully and negligently fail to furnish necessary and proper food, clothing and shelter for his children, as follows: Margherita, aged 15, and Francis, aged 13,” etc. This sufficiently charges one of the offenses defined by Section 6984a, Revised Statutes, and the charge need not allege that the accused was a resident of Greene county during the period laid for the commission of the offense. Indeed, the affidavit is fully justified by the form prescribed by the legislature" in Section 7134, Revised Statutes. It charges the commission of the offense in the language of the violated statute, and in Greene county. The affidavit and executed process give the mayor power to hear and determine the case and such power is the soul of jurisdiction. The evidence offered and excluded would be perfectly competent on the trial of the accused before the mayor who issued the warrant, and if the facts tendered should be established, he would be entitled to an acquital of the charge, as was had in State v. Dangler, supra. As illustrative of the attitude of plaintiff in error, take a case where one has been indicted for a certain crime or offense, and on his arrest he asserts and attempts to prove in support of a petition for a writ of habeas corpus, an alibi — that he was not at the scene of the crime when it was committed. Would the court hear evidence in support of the alibi? Certainly not, because that is an element of a defense to the prosecution, arid to be considered by the trying tribunal on determining his guilt or innocence.
*528 We are aware there are some cases in the federal reports which may be construed as favoring the inquiry sought to be made controlling in this case, and which seem to extend the field in which jurisdiction may be investigated. .But they are not clearly in point, and are met by other federal cases which seem to neutralize all that can be claimed for the former. And we think perhaps it may be true that the federal courts often rule more liberally in cases involving personal liberty than do the courts of many of the states. Yet we do not think it necessary to discuss the conflicting and perhaps irreconcilable decisions from both state and federal courts, some of which, are cited in the briefs of counsel, believing that the practice in this state is largely moulded by the sections found in Chapter 8, Revised Statutes, under title “Habeas Corpus.” Section 5729 of the same provides: “If it appear that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed; or, if the jurisdiction appear after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment or order.”
We think it entirely clear that the mayor of Xenia had authority and jurisdiction to issue process on the affidavit, for we have found it good under the statutes'pertaining to the subject, and ■this' being true the lower court but obeyed the law *529 in refusing to consider the evidence offered and discharge the prisoner.
Why the prosecuting witness in the mayor’s court desires to have a hearing there, if the facts tendered in this case are true, it is not for us to judge, but if those facts are conceded or proved before the mayor he should discharge the accused, as we decided in State v. Dangler, supra.
■ For the foregoing reasons the judgment of the lower court is affirmed.

Affirmed.

Shauck, C. J., Crew, Spear and Davis, JJ., concur.